**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
**CIVIL DIVISION**

_____

| | | |
|---|---|---|
| **Venus Dodson** | ) | |
| **101 Fleming Circle** | ) | |
| **Frederiksted, St Croix** | ) | |
| **Virgin Islands** | ) | |
|        *Plaintiff,* | ) | |
|     **v.** | ) | **Complaint** |
| | ) | **Case No. _____** |
| **JRL Music, Inc.** | ) | |
|     **formerly Robinson Music Group** | ) | |
|     **or RMG Music** | ) | |
| **96 Oxford Drive** | ) | |
| **Tenafly, New Jersey 07067** | ) | |
| | ) | |
| **Sugar Hill Music** | ) | |
| **96 Oxford Drive** | ) | |
| **Tenafly, New Jersey 07067** | ) | |
| | ) | |
| **Gambi Music** | ) | |
| **96 Oxford Drive** | ) | |
| **Tenafly, New Jersey 07067** | ) | |
| | ) | |
| **JR Foursome Music** | ) | |
| **96 Oxford Drive** | ) | |
| **Tenafly, New Jersey 07067** | ) | |
| | ) | |
| **The Estate of Joseph Robinson, Jr.** | ) | |
| **96 Oxford Drive** | ) | |
| **Tenafly, New Jersey 07067** | ) | |
| | ) | |
| **The Estate of Rhondo Robinson** | ) | |
| **96 Oxford Drive** | ) | |
| **Tenafly, New Jersey 07067** | ) | |
| | ) | |
| **Universal Music Publishing** | ) | |
|  **d/b/a Songs of Universal** | ) | |
| **1755 Broadway** | ) | |
| **New York, NY 10019** | ) | |
|     **Serve on:** | ) | |
|     **CT Corporation Systems** | ) | |
|     **111 Eighth Avenue** | ) | |
|     **New York, NY 10011** | ) | |

|                                          |   |
|------------------------------------------|---|
| **BROADCAST MUSIC INC**                  | ) |
| **7 World Trade Center,**                | ) |
| **250 Greenwich Street**                 | ) |
| **New York, New York 10007**             | ) |
|      ***Defendants.*** | ) |

## COMPLAINT

Plaintiff, by and through their undersigned counsel, complaining of the Defendants, alleges:

1. This action by Plaintiff, as more fully set forth herein is for: (a) declaratory relief, accounting for profits from a co-owner, conversion, restitution to prevent unjust enrichment against JRL Music, Inc., Sugar Hill Music, Gambi Music, JR Foursome Music, The Estate of Joseph Robinson, Jr., and The Estate of Rhondo Robinson; (b) breach of contract against Broadcast Music Inc; and (c) conversion and restitution to prevent unjust enrichment against Universal Music Publishing.

## JURISDICTION & VENUE

2. Because the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and this action is between citizens of different states, this court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a).

## PARTIES & RELEVANT ACTORS

3. Venus Dodson is a resident of the St Croix, Virgin Islands, (herein "Plaintiff") and is the author of the Dodson Compositions, as defined below.

4. The Estate of Joseph Robinson, Jr. (herein "Defendant Joey Robinson") is the estate of the late Joseph Robinson, Jr.

5. The Estate of Rhondo Robinson (herein "Defendant Rhondo Robinson") is the estate of

the late Rhondo Robinson.

6. Based upon information and belief, Defendants Joseph Robinson and Rhondo Robinson (the "Robinsons") were the co-owners of Defendants JRL Music, Inc., Sugar Hill Music, Gambi Music, Inc., and JR Foursome Music.

7. JRL Music, Inc., based upon information and belief, is a New Jersey company with a principal place of business at 96 Oxford Drive, Tenafly, New Jersey 07067 (herein "Defendant JRL Music").

8. Sugar Hill Music, based upon information and belief, is a New Jersey company with a principal place of business at 96 Oxford Drive, Tenafly, New Jersey 07067 (herein "Defendant Sugar Hill Music").

9. Gambi Music, Inc. based upon information and belief, is a New Jersey company with a principal place of business at 96 Oxford Drive, Tenafly, New Jersey 07067 (herein "Defendant Gambi Music").

10. JR Foursome Music, based upon information and belief, is a New Jersey company with a principal place of business at 96 Oxford Drive, Tenafly, New Jersey 07067 (herein "Defendant JR Foursome").

11. Defendants JRL Music, Inc., Sugar Hill Music, Gambi Music, Inc., JR Foursome Music are collectively referred to herein as the "the Robinson Company Defendants."

12. The Robinson Company Defendants regularly and consistently conduct business in New York with ASCAP, BMI, various record labels, recording artists and songwriters.

13. During his lifetime Joseph Robinson, Jr. regularly and consistently conducted business in New York with ASCAP, BMI, various record labels, recording artists and songwriters as an individual.

14. During his lifetime Rhondo Robinson, Jr regularly and consistently conducted business in New York with ASCAP, BMI, various record labels, recording artists and songwriters.

15. All Platinum Records, based upon information and belief, was a record company based in New Jersey that was owned by Sylvia and Joseph Robinson, parents of Defendant Joey Robinson and Rhondo Robinson, were the owners of All Platinum Record Company ("All Platinum Records").

16. Based upon information and belief Defendant Gambi Music was the music publishing designee for All Platinum Records beginning in the late 1960s.

17. Based upon information and belief, Universal Music Publishing d/b/a Songs of Universal is a California Corporation with a place of business in the State of New York at 1755 Broadway, 3rd Floor, New York, New York 10019 (Defendant "UMP").

18. Broadcast Music, Inc. is a New York corporation that is a performing rights society that collects and distributes royalties for its songwriter and music publisher members (herein Defendant "BMI").

## FACTS COMMON TO ALL CLAIMS

19. Beginning on or about 1973, Plaintiff Dodson began performing administrative services as an independent contractor at All Platinum Records, including making copies of recordings that were recorded at the All Platinum studios and sending them out to clients of All Platinum.

20. Plaintiff did not work regular hours and was paid in cash for her services on a weekly basis by Sylvia and Joseph Robinson. No taxes were withheld from her pay.

21. Plaintiff also provided services as background singer for various of the All Platinum recording artist including, *inter alia,* The Moments, Eleanor Mills, and Hank Ballard.

4

22. Plaintiff was sometimes paid $50.00 per session for her services as a background singer.

23. On or about 1974, while providing administrative independent contract services for All Platinum, Al Goodman and Harry Ray of the Moments asked Plaintiff to co-write the lyrics for the musical composition **"Girls"** and for various other songs for All Platinum artists including Hank Ballard, including ***"Hey There Sexy Lady"*** and ***"Sho Nuff Boogie."***

24. Tommy Keith a producer and writer for All Platinum came to Plaintiff and asked her to write lyrics for songs that he was likewise producing for Eleanor Mills, including ***"Fascinating Devastating Man,"*** ***"Let Me Take You Home,"*** ***"Lucky Charm,"*** ***"Precious One,"*** and **"What It Is."**

25. Within 6 months of beginning her services All Platinum – Sylvia and Joseph Robinson became very upset that the Plaintiff for unknown reasons and terminated her services.

26. Plaintiff never entered into a written agreement with All Platinum Records, Defendant Gambi Music or any other company owned or controlled by Sylvia and Joseph Robinson or Joey or Rhondo Robinson.

27. Plaintiff and Tommy Keith went on to write **"All We Need is Love," "Love Power," "**

28. All Platinum Records commercially released master recordings that embodied the Dodson Compositions in the mid to late 1970s.

29. Defendant Gambi Music owns a portion of the copyright and acts as music publisher for the other co-writers of the Dodson Compositions, including Tommy Keith.

30. In or about, 1974 the copyright registrations for the Dodson Compositions were registered by Gambi Music with the Copyright Office.

31. The copyright registrations for the Dodson Compositions were ***not*** registered by Gambi Music with the Copyright Office as "works made for hire."

32. In or about 1974, Plaintiff became a member of Defendant BMI and executed a BMI membership agreement.

33. The membership agreement between Defendant BMI and Plaintiff provides that Defendant BMI will collect performance royalties from around the world on behalf of Plaintiff, its member.

34. Plaintiff registered the musical compositions **"Girls," "Fascinating Devastating Man,"** and **"Hey There Sexy Lady"** with BMI in 1974 as being co-written by her.

35. Based upon information and belief other Dodson Compositions were registered with BMI by Robinson Company Defendants.

36. In or about 1986, Plaintiff received a royalty statement from BMI for, *inter alia,* **"Girls"** in the amount of $200.00.

37. In 1993, "New Kids on the Block" a platinum and Grammy award winning recording artists sampled **"Girls"** in a new musical composition titled **"Girls"** or **"Girls Girls Girls"** that was commercially released.

38. Based upon information and belief, in or about 1993 **"Girls Girls Girls"** was registered with BMI by Defendant Joey Robinson and/or one of the Robinson Company Defendants and listed Plaintiff as a co-author.

39. However, according to a BMI representative in or about 1998, the BMI song registration for **"Girls Girls Girls"** was changed by BMI.

40. In 2005, Faith Evans a platinum and Grammy award winning recording artist sampled part of the musical composition **"Genuine"** as part of the new composition **"*Again*"** that was commercially released that same year.

41. In 2009, WALE a platinum selling and Grammy award winning recording artist sampled

part of the musical composition **"Girls"** as part of the new composition **"Pretty Girls"** that was commercially released that same year.

42. In or about 2010, "Full Force," gold selling and Grammy award winning recording artists sampled **"Girls"** in a new musical composition titled **"We Love The Girls"** that was commercially released that same year.

43. Plaintiff's interest in the musical compositions **"Girls," "Girls Girls Girls,""More Girls,"** **"Hey There Sexy Lady," "Sho Nuff Boogie," "Fascinating Devastating Man," "Let Me Take You Home," "Lucky Charm," "Precious One," "What It Is,"** "*All We Need is Love*," **"Love Power," "*We Love the Girls*," "Again,"** *and* **"Pretty Girls"** along with all derivatives and versions thereof are collectively referred to herein as the "Dodson Compositions."

44. Other than the Writer's share of public performance royalties, other than as set forth above, Plaintiff has never received the music publishing royalties for the Dodson Compositions for the mechanical reproduction of the Dodson Compositions, the synchronization of the Dodson Compositions, the sampling of the Dodson Compositions, digital exploitation of the Dodson Compositions, or any other commercial exploitation of the Dodson Compositions.

45. In or about 2009, Plaintiff became aware that BMI had at least two alternate and erroneous registration for **"Girls"** one under the name "Venice Dobson" (Plaintiff's name is Venus Dodson) and used a post office box in Englewood, New Jersey and a false social security number and another for a "Venus Dobson."

46. Based upon information and belief, Defendant Joey Robinson falsely and with the intent to deceive registered **"Girls"** with BMI under the name Venice Dobson and created a new

BMI work ID for **"Girls"** and used a post office box in Englewood, New Jersey and a false social security number.

47. On March 20, 2010, Plaintiff filed a formal dispute with BMI regarding the alternate and erroneous registrations for **"Girls"** and made claims regarding the other Dodson Compositions and for payment of back royalties regarding the Dodson Compositions.

48. On or about April 5, 2010, Defendant Joey Robinson, then the CEO of Gambi Music, advised Plaintiff that an error had occurred with the BMI registration for **"Girls"** and advised that he was taking appropriate steps to correct the erroneous registration with BMI.

49. On or about July 23, 2010, Plaintiff then received a check from BMI for ***"Girls"*** for the third quarter of 2009.

50. On or about August 10, 2010, a representative of BMI told Plaintiff that they were investigating Plaintiff's BMI Dispute, the registrations for **"Girls"** and **"Girls Girls Girls,"** and that a supervisor would be informed that the situation need to be researched and a resolution reached.

51. In or about August or September 2010, Plaintiff's further investigation at the Copyright office revealed that several of the Dodson Compositions were falsely and erroneously registered with at the Copyright Office under the name "Venice Dobson" rather than "Venus Dodson."

52. Thereafter, BMI continued the investigation of Plaintiff's claims in connection with the BMI dispute.

53. On or about September 10, 2015, BMI updated the song registrations to reflect Plaintiff's correct name as a writer of the Dodson Compositions; but, failed to pay Plaintiff any back royalties in connection with her claims as required by her membership agreement with

BMI.

54. On or about December 12, 2010, a BMI representative informed Plaintiff that the BMI investigation of her claims was continuing, but that she should maybe seek legal counsel if she wanted to expedite the process.

55. On or about September 6, 2011, Plaintiff through counsel again contacted BMI  and requested that BMI suspend payments to Gambi Music regarding the Dodson Compositions and for payment of all royalties due Plaintiff.

56. On or about May 29, 2012, Plaintiff, again, by and through counsel contacted BMI  and requested that BMI suspend payments to Gambi Music regarding the Dodson Compositions and requested payment of all royalties due Plaintiff.

57. Based upon information and belief Defendant Joey Robinson used the Robinson Company Defendants to collect income from around the world from royalty collection societies and performance right societies and to issue synchronization and sample clearance licenses for **"Girls"** and the other Dodson Compositions.

58. In or about 2012, Defendants UMP entered into an agreement with the Robinson Company Defendants**,** to administer the music publishing rights of the Robinson Company Defendants.

59. At that time under apparent authority of the Robinsons Company Defendants, UMP began administering the Dodson Compositions.

60. On or about August 22, 2013, Plaintiff by and through counsel advised Defendant UMP that Robinson Company Defendants about the dispute with BMI and that UMP had no written agreement with Plaintiff and had no authority to act as administrator for Plaintiff's interest in the Dodson Compositions.

61. On or about January 30, 2015, Plaintiff again sent Defendant UMP a notice of her claim and demanded an accounting from Defendant UMP for the Dodson Compositions.

62. On or about March 6, 2015, counsel for Defendants Joey Robinson and Gambi Music sent a response letter back to Plaintiff claiming for the first time that the Dodson Compositions were "works made for hire" for Gambi Music.

63. Plaintiff has responded to such claim by filing this law suit.

**COUNT ONE**
**ACTION FOR DECLARTORY RELEIF**
**AGAINST DEFENDANTS**

64. Plaintiff herein adopts and incorporates by reference all allegations set forth in paragraphs "1" through "62" as if originally pleaded herein.

65. Plaintiff seeks a declaration by this court that she owns the writer's share and publisher's share of her representative interest in the Dodson Compositions and has the sole administration rights and right to collect all royalties and other earnings in connection therewith.

**COUNT TWO**
**ACTION FOR RESTITUTION**
**AGAINST DEFENDANTS UMP, GAMBI MUSIC, SUGAR HILL MUSIC,**
**JR FOURSOME MUSIC, JRL MUSIC, THE ESTATE OF**
**RHONDO MUSIC AND THE ESTATE OF JOEY ROBINSON**

66. Plaintiff herein adopts and incorporates by reference all allegations set forth in paragraphs "1" through "65" as if originally pleaded herein.

67. Plaintiff is entitled to restitution from Defendant UMP and the Robinson Company Defendants, The Estate of Rhondo Robinson and the Estate Joey Robinson due to such Defendants use and exploitation of the Dodson Compositions without compensation to Plaintiff from the date of the agreement between Defendant UMP and the Robinson

Company Defendants until the date hereof.

68. UMP, The Estates of Rhondo and Joey Robinson and the Robinson Company Defendants have been unjustly enriched and will continue to be so enriched if they are allowed to continue to reap the earnings from Plaintiff's representative share of the Dodson Compositions.

**COUNT THREE**
**ACTION FOR ACCOUNTING BY A CO-OWNER**
**AGAINST DEFENDANTS GAMBI MUSIC, SUGAR HILL MUSIC,**
**JR FOURSOME MUSIC, JRL MUSIC, THE ESTATE OF**
**RHONDO MUSIC AND THE ESTATE OF JOEY ROBINSON**

69. Plaintiff herein adopts and incorporates by reference all allegations set forth in paragraphs "1" through "68" as if originally pleaded herein.

70. Plaintiff as a co-owner of the Dodson Compositions along with the Robinson Company Defendants and the Defendants the Estate of Rhondo Robinson and the Estate of Joey Robinson is entitled to an accounting of profits from the Robinson Company Defendants and Defendants the Estate of Rhondo Robinson and the Estate of Joey Robinson in connection with the royalties and other earnings received from the Dodson Compositions.

71. There is no written agreement between the Robinson Company Defendants or any third party that allows the Robinson Company Defendants to withhold Plaintiff's share of the earnings from the Dodson Compositions.

72. As such, Plaintiff as a co-owner of the Dodson Compositions and is entitled to an accounting and her representative share of the earnings of the Dodson Compositions.

**COUNT FOUR**
**ACTION FOR BREACH OF CONTRACT**
**AGAINST DEFENDANT BROADCAST MUSIC, INC.**

73. Plaintiff herein adopts and incorporates by reference all allegations set forth in paragraphs

"1" through "73" as if originally pleaded herein.

74. Plaintiff under the terms of her membership agreement with BMI is entitled to receive royalties collected by BMI for the Dodson Compositions as a songwriter and music publishers.

75. Defendant BMI has failed to pay and account to Plaintiff for royalties collected by BMI with respect to the Dodson Compositions, after Plaintiff filed a formal dispute with BMI.

76. Plaintiff is entitled to be paid retro-active performance income due from the Dodson Compositions in accordance with the corrected registrations effected by BMI in September 2010.

77. Plaintiff is entitled to her representative share of all of the writer's share and publisher's share of performance royalties collected by BMI for the Dodson Compositions.

**COUNT FIVE**
**ACTION FOR CONVERSION**
**AGAINST DEFENDANTS UMP, GAMBI MUSIC, SUGAR HILL MUSIC,**
**JR FOURSOME MUSIC, JRL MUSIC, THE ESTATE OF**
**RHONDO MUSIC AND THE ESTATE OF JOEY ROBINSON**

78. Plaintiff herein adopts and incorporates by reference all allegations set forth in paragraphs "1" through "77" as if originally pleaded herein.

79. Plaintiff is the sole owner of her interest in the Dodson Compositions and has no written or other agreement with The Estate of Rhondo Robinson and the Estate Joey Robinson, Defendant UMP and the Robinson Company Defendants allowing them individually or otherwise to collect her share of the earnings from the Dodson Compositions.

80. The Estate of Rhondo Robinson and the Estate Joey Robinson, Defendant UMP and the Robinson Company Defendants have collected the earnings from Plaintiff's interest in the Dodson Compositions and have failed to remit such earnings to Plaintiff as the owner of

her interest in the Dodson Compositions.

81. Plaintiff is entitled to compensatory damages for conversion from The Estate of Rhondo Robinson and the Estate Joey Robinson, Defendant UMP and the Robinson Company Defendants, due to such Defendants, as applicable, taking of writer's share and publisher share of royalties and other earnings attributable to Plaintiff's representative interest from the Dodson Composition for a minimum of three years, or such time period as this court finds just and proper.

**WHEREFORE**, Plaintiff respectfully pray that this Court:

A.    Declare that writer's share and publisher's share of her representative interest in the Dodson Compositions and has the sole administration rights and right to collect all royalties and other earnings in connection therewith.

B.    Award Plaintiff restitution in the amount of $250,000.00 or such other amount as this court deems just and proper from Defendants Gambi Music, JR Foursome Music, Sugar Hill Music, RLJ Music, The Estate of Rhondo Robinson and the Estate of Joey Robinson and UMP, jointly and severally, to prevent unjust enrichment.

C.    Order Defendants Gambi Music, JR Foursome Music, Sugar Hill Music, RLJ Music, The Estate of Rhondo Robinson and the Estate of Joey Robinson provide Plaintiff with an accounting of profits as a co-owner of the Dodson Compositions and pay Plaintiff her representative share of such profits.

D.    Award Plaintiff compensatory damages for breach of contract against Defendant BMI in the amount of $150,000 for writer's share and publisher's share of performance royalties for the Dodson Compositions or an amount to be determined at trial.

E.    Award Plaintiff compensatory damages in the amount of $250,000 from

Defendants UMP, Gambi Music, JR Foursome Music, Sugar Hill Music, RLJ Music, The Estate of Rhondo Robinson and the Estate of Joey Robinson conversion of amounts due Plaintiff from the earnings of Dodson Compositions.

F.     And such other relief as this Court deems just and proper.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL LEGAL ISSUES RAISED HEREIN REGARDING LIABILITY OF THE DEFENDANTS.

Respectfully submitted,

DATED:  August 22, 2015

*Lita Rosario*

Lita Rosario, Esq.
1100 H Street, N.W., Suite 315
Washington, D.C. 20005
202-628-4759
lita.rosario@wyzgirl.com