USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/11/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

VENUS DODSON,

                    Plaintiff,

   -against-

JRL MUSIC, INC., ET AL,

                    Defendants.

-------------------------------------------------------------- x

**ORDER GRANTING MOTION TO DISMISS**

15 Civ. 6672 (AKH)

      Plaintiff Venus Dodson brings this lawsuit alleging her authorship of various musical compositions, and seeking declaratory relief as to her ownership stake and compensation for any royalties and earnings thus owed to her.

      According to the complaint, plaintiff authored multiple musical compositions in 1974 while she was working as an independent contractor at All Platinum Records for less than six months, and then after she was terminated. Plaintiff alleges that defendants Joseph Robinson and Rhondo Robinson were co-owners of All Platinum, as well as various other defendant music publishing companies named in the complaint, including JRL Music, Sugar Hill Music, Gambi Music, and JR Foursome Music (collectively identified as the "Robinson Defendants"). Plaintiff alleges that she executed a membership agreement with Defendant Broadcast Music, Inc. ("BMI") in 1974. BMI collects and distributes royalties for songwriter and music publisher members, and plaintiff alleges that she registered various compositions as being co-written by her. Plaintiff alleges that the Robinson Defendants, either individually or through their music companies, also registered some of her compositions with BMI. Plaintiff alleges that the Robinson Defendants later entered into an agreement with Defendant Universal Music Publishing ("UMP") to administer royalties for some of the same compositions.

1

The complaint does not clearly identify what the plaintiff's claim of right is as against these various defendants. She brings an action for declaratory relief against all defendants, an action for restitution and for conversion as against the Robinson Defendants and Defendant UMP, an action for accounting by a co-owner against the Robinson Defendants, and a breach of contract action against Defendant BMI. The plaintiff, in her first cause of action, seeks a declaration that she has a writer's and publisher's share in these various musical compositions. In various formulations, plaintiff also claims that Defendant BMI breached her membership agreement by failing to pay royalties due to plaintiff because of her writer's and publisher's share, and that the Robinson Defendants and Defendants UME and BMI wrongfully used the compositions without providing compensation due to her based on that ownership share. Underlying her claims, therefore, is a claim of copyright ownership.

Defendants moved to dismiss on the basis that plaintiff's claims are time barred under the general three-year statute of limitations applicable to copyright actions. *See Merchant v. Levy*, 92 F.3d 51, 52 (2nd Cir. 1996). Defendants argue that since plaintiff claims to have co-authored these compositions, her claims accrued at the moment of the work's creation. *See Merchant*, 92 F.3d at 56 ("A co-author knows that he or she jointly created a work from the moment of its creation. . . . We hold that plaintiffs claiming to be co-authors are time-barred three years after accrual of their claim from seeking a declaration of copyright co-ownership rights and any remedies that would flow from such a declaration."). Since plaintiff asserts that the copyrights were registered by defendant Gambi Music in 1974, defendants argue the three-year statute of limitations has long since expired.

Plaintiff's complaint is vague as to the status of her copyright co-ownership rights. Her complaint alleges that Gambi Music registered the copyrights with the Copyright

2

Office in 1974, but does not clearly state whether she was then listed as a co-author. Her complaint does say she received a royalty statement from BMI in 1986, and in 2010. Plaintiff states, in briefing, that it is "undisputed that Plaintiff's name has appeared on the copyright registrations since the Dodson Compositions were first written in 1974; albeit, in some cases falsely listed as 'Vernice Dobson' and not 'Venus Dodson.'" Defendants' papers, by contrast, state that "defendants do not admit and have never admitted that plaintiff is a co-owner of the copyright in the Dodson Compositions." The plaintiff suggests that her ownership was initially recognized and only later repudiated, thus the statute of limitation commenced more recently. *See Gary Friedrich Enterprises, LLC v. Marvel Characters, Inc.*, 716 F.3d 302, 317 (2d Cir. 2013).

But, even if plaintiff's co-ownership was initially recognized and only later repudiated, the complaint describes that plaintiff became aware of the repudiation as early as 2009, and her knowledge was surely established by the time that she initiated a dispute with BMI in 2010 about its failure to pay her royalties. The complaint states that "[i]n or about August or September 2010, Plaintiff's further investigation at the Copyright office revealed that several of the Dodson Compositions were falsely and erroneously registered with [] the Copyright Office under the name 'Venice Dobson' rather than 'Venus Dodson.'" [¶53] In September of 2010, plaintiff alleges that BMI updated the song registrations but failed to pay back royalties. Plaintiff then alleges ongoing contacts with BMI challenging their payment process through 2012. She alleges that the Robinson Defendants then entered into an agreement with UMP in 2012 to administer the music publishing rights of the compositions that she had authored. The most recent action that plaintiff took was advising Defendant UMP that it had no authority to administer her interest in the compositions, on August 22, 2013. Thus, as explicitly stated in

plaintiff's complaint, she became aware of the Robinson Defendants' repudiation of her ownership interest in 2010.

Even though the complaint presents only vague factual allegations about the content of the copyright registration, and about the recognition of plaintiff's co-ownership status and her receipt of royalties in the intervening years, the three-year statute of limitations on these compositions would still have expired three years after plaintiff learned that her status as co-owner was denied. "An ownership claim accrues only once, when 'a reasonably diligent plaintiff would have been put on inquiry as to the existence of a right.'" *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011). "[A]ny number of events can trigger the accrual of an ownership claim, including '[a]n express assertion of sole authorship or ownership.'" *Id.* (quoting *Netzer v. Continuity Graphic Assocs., Inc.*, 963 F.Supp. 1308, 1315 (S.D.N.Y. 1997); *see also Gary Friedrich Enterprises*, 716 F.3d at 317 ("For example, a claim can accrue: when . . . alleged co-owners learn they are entitled to royalties that they are not receiving.").

Plaintiff has also alleged a contractual breach by BMI, but she has not clearly identified any contractual provision that would entitle her to royalties for songs over which she could not assert any ownership interest. Her actions for restitution, conversion, and accounting similarly do not, on their face, depend on copyright but nevertheless seek remedies that depend on the plaintiff's co-ownership over the musical compositions. Plaintiff's first cause of action seeks a declaration of her ownership of a writer's and publisher's share in these musical composition as against all defendants and thus indicates that her claims as against all defendants depend upon her underlying claim of copyright co-ownership. *See Merchant*, 92 F.3d at 56 ("[P]laintiffs claiming to be co-authors are time-barred three years after accrual of their claim from seeking a declaration of copyright co-ownership rights and *any remedies that would flow*

*from such a declaration.*" (emphasis added)). And for that reason, they are similarly barred by the three year statute of limitations.

I therefore grant the defendants' motion to dismiss the complaint. [Dkt. No. 45] The oral argument scheduled for July 13, 2016 at 4:00 p.m. is canceled. The Clerk shall mark docket number 45 terminated, and grant judgment to defendants, with costs to be taxed by the Clerk. The Clerk shall mark the case closed.

Dated:  New York, New York
        July 11, 2016

_____
ALVIN K. HELLERSTEIN
United States District Judge